IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

EDWARD L. YOUNG,

        Petitioner,        :      Case No. 2:24-cv-1564

 - vs -                          District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

WILLIAM COOL, WARDEN, Ross
  Correctional Institution,

                                    :
        Respondent.

## DECISION AND ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO EXPAND THE RECORD

This habeas corpus case, brought *pro se* by Petitioner Edward Young pursuant to 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Expand the Record (ECF No. 23).

**Pending Reports and Recommendations**

On June 2, 2025, District Judge Watson, to whom this case is assigned and in response to Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 20) extended Petitioner's time to file a traverse to and including July 30, 2025; found the Supplemental R&R to be moot; and held the original R&R in abeyance (Order, ECF No. 22, PageID 783-84).  On July 21, 2025, Petitioner mailed and thereby filed both his Motion to Expand and his Traverse (ECF No. 24).

1

To provide the District Court with analysis of the case in one document, the Magistrate Judge *sua sponte* withdraws both the original Report and Recommendations (ECF No. 15) and the Supplemental Report and Recommendations (ECF No. 20).  In lieu of these, the Magistrate Judge will file a Substituted Report and Recommendations when the case becomes ripe.

**Motion to Expand the Record**

Petitioner moves to expand the record by adding to it (1) the Sworn Statement of Coshocton County Deputy Sheriff  Detective Sergeant Seth Andrews (Attached to the Motion as Exhibit A, PageID 793-801) and (2) three pages from the trial transcript (Attached as Exhibit B, PageID 803-05).

Petitioner relies on Rule 7(a) of the Rules Governing § 2254 Cases which provides "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.  The judge may require that these materials be authenticated." Rule 7, however, has not been amended to account for the Supreme Court's decision in *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese, 974 F.3d 638, 647 (6th Cir. 2020).*  The limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings.  *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013).  Petitioner's Motion to Expand must be decided in light of this precedent.

**Sergeant Andrews' Statement**

*Pinholster* dictates that Detective Sergeant Andrews' Sworn Statement cannot be added to the record because it was not an exhibit at trial.

In the alternative, Petitioner asks that the record be expanded to include the recording of his interview by Sgt. Andrews which he says was played for the jury and adverted to on appeal (Motion, ECF No. 23, PageID 786). In deciding Young's direct appeal, the Fifth District Court of Appeals found "Appellant's statements [to Detective Andrews] were videotaped and introduced at trial." *State v. Young*, 2022-Ohio-4726 at ¶ 10 (Ohio App. 5th Dist. Dec. 28, 2022). The recorded interviews between Sgt. Andrews and the Petitioner were admitted in evidence as State's Exhibits 79A and 79B (Transcript, State Court Record, PageID 584). As Petitioner notes, the taped interviews appear to be relevant to his claim under *Doyle v. Ohio*, 426 U.S. 610 (1976). So far as the Magistrate Judge can tell from examining the State Court Record, the recordings were not included in the filing of the record. Consideration of the recordings is not precluded by *Pinholster* since it appears they were considered by the jury and by the Court of Appeals. Young has thus shown good cause to expand the State Court Record as filed with the video recordings. Respondent is ordered to supplement the record by filings copies of those recordings not later than August 15, 2025.

**Pages from the Transcript**

Petitioner also seeks to add to the record what he refers to as Trial Transcript pages 188 and 195-96. These pages are already part of the record. When they were filed by Respondent, the Court's electronic filing system gave them PageID Nos. 468-69 and 481 respectively. As provided in the Order for Answer, all future references by either party to these pages shall refer to these

3

PageID numbers (ECF No. 2, PageID 19).  The second part of Petitioner's Motion to Expand the Record is denied as moot.

July 25, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge
